WAGNER ELECTRIC CORP. *v.* HYDRAULIC BRAKE CO.

1. CORPORATIONS—DIRECTORS' FIDUCIARY RELATION TO STOCKHOLDER.
    Directors of a private corporation stand in a fiduciary relation to
        its stockholders and are bound to act in good faith for the
        benefit of the corporation.

2. SAME—OFFICERS OF SUBSIDIARY SELECTED BY HOLDING COMPANY.
    Officers of subsidiary corporation who are selected by holding
        company are bound to act in good faith and for the best in-
        terests of the subsidiary.

3. SAME—SUIT BY STOCKHOLDER—EQUITY.
    The right of a stockholder to maintain suit against the corpo-
        ration does not depend upon the amount of his capital but
        upon the conduct of the affairs of the corporation and where
        the great majority of the owners of the capital stock are ap-
        parently satisfied with such conduct, injunctive powers will be
        exercised only after careful scrutiny of the facts.

4. INJUNCTION—PURPOSE OF ISSUANCE.
    In theory, an injunction is issued for the purpose of preventing
        irreparable mischief, to stay an evil, the consequences of which
        could not be adequately compensated in damages if it were
        suffered to go on.

5. SAME—BALANCE OF INCONVENIENCES.
    In injunction cases the court should look beyond the actual injury
        complained of and contemplate the consequences and, though
        palpably wrong, it should balance the inconveniences of award-
        ing or denying the writ and adjudge as these may incline the
        judicial mind.

6. CORPORATIONS—MOTIVE FOR PURCHASING STOCK.
    Ordinarily, no one is concerned with the motives of one who be-
        comes the purchaser of corporate stock, but the lawful holder
        thereof is entitled to the protection of the law regardless of his
        motive.

7. SAME—STOCK OWNERSHIP TO INSTITUTE SUITS.
    One who buys stock interest in private corporation for the sole
        purpose of instituting suit by reason of ownership thereof is
        not favored in equity and is usually left to remedy at law.

8. SAME—HOLDING COMPANY—DUTY AS TO SUBSIDIARY.

Holding company may not be permitted to place itself in a position where its interests conflict with the interests of subsidiary corporation whose stock is held but must act in interest of all of latter's stockholders.

9. SAME—DIRECTORS—INTERNAL AFFAIRS—COURTS.

So long as the directors of a private corporation control its affairs within the limits of the law, matters of business judgment and discretion are not subject to judicial review.

10. SAME—DIRECTORS—IMPROPER MANAGEMENT—COURTS.

The board of directors of a business corporation may not shape and conduct the affairs of the corporation for the merely incidental benefit of shareholders and for the primary purpose of benefiting others and should that be its avowed purpose it would be the duty of the court to interfere.

11. SAME—INTERFERENCE WITH INTERNAL AFFAIRS AT SUIT OF DISSATISFIED STOCKHOLDER.

Supreme Court has no right to interfere with internal affairs of a corporation at suit of a dissatisfied stockholder in the absence of bad faith, fraud or breach of trust.

12. SAME—INJUNCTION—ROYALTY AGREEMENT.

Removal of temporary modification of royalty agreement, made to enable licensee to get business while product, hydraulic brakes, was in experimental stage, after such stage had passed and which removal inured to the benefit of licensor corporation may not be enjoined at the suit of the licensee who was also a minority stockholder of licensor.

13. SAME—OPERATION OF SUBSIDIARY BY HOLDING COMPANY.

Record *held,* insufficient to establish that management of subsidiary by holding company had used its control to the detriment of the subsidiary or its stockholders as such.

Appeal from Wayne; Merriam (De Witt H.), J. Submitted October 9, 1934. (Docket No. 21, Calendar No. 37,838.) Decided December 10, 1934.

Bill by Wagner Electric Corporation, a Delaware corporation, against Hydraulic Brake Company, a California corporation, Bendix Aviation Corporation, a Delaware corporation, Don O. Scott and Otto

Lang, to enjoin the enforcement of a licensing contract and other relief. Decree for defendants. Plaintiff appeals. Affirmed.

*Beaumont, Smith & Harris, E. E. Huffman* and *Lewis, Rice, Tucker, Allen & Chubb,* for plaintiff.

*Thomas H. Sheridan, Walter E. Oxtoby, Warren C. Horton, Miller, Canfield Paddock & Stone* (*Williams, Bradbury, McCaleb & Hinkle,* of counsel), for defendants.

POTTER, J. Hydraulic Brake Company, a California corporation, is the owner of a number of patents covering the transmission of power from the brake pedal to the brakes for use on motor vehicles. Many of these patents had been originally secured by Malcolm Loughead, and these brakes were marketed under the trade name of "Lockheed Hydraulic Brakes." Wagner Electric Corporation, a Delaware corporation, is a manufacturer of hydraulic brake equipment for motor vehicles under a license agreement with the Hydraulic Brake Company, for which it pays a license fee or royalty on each set of hydraulic brake accelerating equipment manufactured and sold. Bendix Brake Company is an Illinois corporation engaged in the manufacture and sale of mechanical actuating brake equipment for the operation of mechanical brakes for automobiles and other motor vehicles. Bendix Aviation Corporation is a Delaware corporation, a holding company, and owns and controls a majority of the capital stock of both the Bendix Brake Company and the Hydraulic Brake Company, and through its officers and directors controls and directs the policy of each of said subsidiary corporations by reason of its stock ownership. Wagner Electric Corporation is

also a stockholder in the Hydraulic Brake Company to the extent of 50 shares of capital stock, although the entire capital stock of the Hydraulic Brake Company consists of something over 53,000 shares.

The bill of complaint here was filed by plaintiff, Wagner Electric Corporation, against defendants for the purpose of enjoining defendants from enforcing the terms and conditions of the licensing agreement made between plaintiff and Hydraulic Brake Company; to enjoin defendants from declaring the Hydraulic Brake Company in default under its licensing contract; to restrain the diversion of money from the Hydraulic Brake Company by the Bendix Aviation Corporation to the payment of indebtedness of the Bendix Aviation Corporation, or for the benefit of any of the subsidiaries of the Bendix Aviation Corporation; and to restrain the Bendix Aviation Corporation from causing the employees of the Hydraulic Brake Company to promote sales of motor vehicle braking apparatus other than that of the Hydraulic Brake Company, and particularly that manufactured and sold by the Bendix Aviation Corporation through its other subsidiaries and particularly the Bendix Brake Company. Plaintiff asks for both temporary and permanent injunctions. Defendants answered. Much testimony and many depositions were taken, the cause tried, and decree for defendants entered by the trial court, and the case is here upon appeal.

The statement of the questions involved and the discussion of the same and the briefs of counsel bring us finally to a consideration of three propositions: *first,* the right of the plaintiff, under the facts disclosed by the bill of complaint and the proof, to invoke the aid of equity; *second,* how far a court of equity will go in interfering with or directing the

internal affairs of a private corporation at the suit of a stockholder; and, *third,* under the facts involved, though the court has a legal right to interfere with the internal affairs of the corporation involved at the suit of a minority stockholder therein, should the court do so under the facts in this case?

Under the law of this State and elsewhere, the directors of a private corporation stand in a fiduciary relation to its stockholders, and are bound to act in good faith for the benefit of the corporation. Bendix Aviation Corporation controls the majority of the stock of the Hydraulic Brake Company, elects its officers, and determines its policy. It is a holding company and, so far as it controls the policy of the corporation, it and the officers selected by it are bound to act in good faith and for the benefit of the stockholders of the Hydraulic Brake Company.

Plaintiff was a licensee of the Hydraulic Brake Company before the controlling interest in its capital stock was sold to the Bendix Aviation Corporation. When plaintiff learned of the prospective sale of the controlling interest of the stock of the Hydraulic Brake Company to the Bendix Aviation Corporation, which likewise controlled the Bendix Brake Company, so that the control of the motor vehicle brake business was largely consolidated in the hands of the Bendix Aviation Corporation, it acquired 50 shares of the capital stock of the Hydraulic Brake Company. It is claimed so small a share of the capital stock holdings of the Hydraulic Brake Company ought not to be permitted to maintain suit; but the right of a stockholder to maintain suit does not depend upon the amount of his capital stock holdings, but upon the conduct of the affairs of the corporation; though where the owners of a great majority of the capital stock of a corporation are

apparently satisfied with the conduct of its affairs by the directors, any court having the power to enjoin the corporation from carrying out its corporate policy ought carefully to scrutinize the facts and make sure that equity requires it.

In theory, an injunction is issued for the purpose of preventing irreparable mischief; and it is only granted to stay an evil, the consequences of which could not be adequately compensated in damages if it were suffered to go on. The court should look beyond the actual injury to contemplate the consequences and, though palpably wrong, it should balance the inconveniences of awarding or denying the writ, and adjudge as these may incline the judicial mind.

It is claimed the 50 shares of stock which plaintiff holds were acquired for the purpose of enabling plaintiff, who was a licensee of the Hydraulic Brake Company and a large manufacturer of hydraulic brakes, to have a voice, as a minority stockholder, in the internal affairs of the Hydraulic Brake Company; at least, to be in a position where it could know something of the internal affairs of the corporation which granted it its license.

Ordinarily, no one is concerned with the motives of one who becomes the purchaser of corporate stock. It was lawful for the Wagner Electric Corporation to become a holder of the 50 shares of stock in the Hydraulic Brake Company, which it purchased and acquired. Anyone who keeps within the limits of lawful action is entitled to the protection of the law, whatever may have been his motive. The Wagner Electric Corporation is entitled to its legal rights as a minority stockholder of the Hydraulic Brake Company, even though it purchased the stock for the specific purpose of interfering with the af-

fairs of the Hydraulic Brake Company as it desired. Presumptively, the rules of law will give adequate redress for any injury suffered, and when one avers that under the circumstances of the particular case equity should hear his complaint, it becomes important to inquire how plaintiff came to be placed in the position where he seeks the interposition of a court of equity.

One who buys a minority interest in the stock of a private corporation for the sole purpose of instituting suit to interfere with or to control the internal policy of the corporation is not a particular favorite in a court of equity which does not lend itself to the furtherance of unconscionable conduct. One who buys corporate stock in contemplation of instituting suit by reason of such stock ownership is usually left to his remedy at law and denied relief in equity.

The Bendix Aviation Corporation, as the owner of the controlling interest in the stock of the Hydraulic Brake Company, stands in a fiduciary relation to its stockholders. It may not be permitted to place itself in a position where its interests conflict with the interests of the Hydraulic Brake Company. It must act in the interest of all its shareholders. The directors of the Hydraulic Brake Company must manage its affairs with the sole view to promote the common interest, and have no right to directly or indirectly use their position as directors of the Hydraulic Brake Company to secure a private advantage or bring about a detriment to the affairs of the Hydraulic Brake Company. Such directors undertake to give their best judgment to the interests of the corporation and are prohibited by law from acting in any antagonistic position whether for their own personal benefit or for the benefit of other competitive corporations. So long as the directors of a

corporation control its affairs within the limits of the law, matters of business judgment and discretion are not subject to judicial review. 2 Cook on Corporations (7th Ed.), § 545; 1 Morawetz on Private Corporations (2d Ed.), § 447; *Hunter* v. *Roberts, Throp & Co.,* 83 Mich. 63; *Park* v. *Grant Locomotive Works,* 40 N. J. Eq. 114 (3 Atl. 162).

"It is not within the lawful powers of a board of directors to shape and conduct the affairs of a corporation for the merely incidental benefit of shareholders and for the primary purpose of benefiting others, and no one will contend that if the avowed purpose of the defendant directors was to sacrifice the interests of shareholders it would not be the duty of the court to interfere." *Dodge* v. *Ford Motor Co.,* 204 Mich. 459, 507 (3 A. L. R. 413).

But such does not appear to be the fact in this case. After the licensing and royalty agreements were entered into between the plaintiff and the Hydraulic Brake Company, such agreements were temporarily modified in order to enable plaintiff to get the business of some automobile manufacturers. It was, perhaps, good policy for the Hydraulic Brake Company at that time to consent to a modification of the license and royalty agreements. But such modification of the royalty agreements reduced the amount the Hydraulic Brake Company received from the business and, to that extent, it was a modification in the interests of the Wagner Electric Corporation at the expense of the Hydraulic Brake Company. There came a time when hydraulic braking equipment was no longer regarded as in an experimental stage. Not only motor vehicle manufacturers, but motor vehicle users in general knew something of the relative merits of the hydraulic and mechanically actuated braking equipment based

upon the use thereof. It seemed no longer necessary to continue the temporary modification of the licensing and royalty contracts at the expense of the Hydraulic Brake Company and in the interest of the Wagner Electric Corporation and, as a result, the Hydraulic Brake Company revoked the temporary modifications of the contracts and reestablished such contracts in accordance with their terms, as it had a right to do. The reestablishment of the original royalty price or basis increased the earnings of the Hydraulic Brake Company, but compelled Wagner Electric Corporation to pay a larger amount to the Hydraulic Brake Company.

The restoration of the royalty contracts to the position they were in before modification was in plaintiff's interest as a stockholder of Hydraulic Brake Company; but against its interest as a licensee which, under the contracts, had to pay increased royalties.

It is claimed by defendants this is the reason plaintiff instituted suit; and that such suit was not instituted by reason of any injury suffered by plaintiff as a stockholder of the Hydraulic Brake Company. Defendants point out that the plaintiff as a stockholder has been benefited by the restoration of the original royalty agreements. It does not appear that the affairs of the Hydraulic Brake Company have been managed to the detriment of the stockholders therein, and this court has no right to interfere with the internal affairs of the Hydraulic Brake Company at the suit of a dissatisfied stockholder in the absence of bad faith, fraud, or breach of trust. It does not appear the restoration of the royalty agreements by the Hydraulic Brake Company has resulted in an injury to plaintiff as a stockholder, but, on the other hand, such restoration has resulted

in a benefit to the stockholders of the Hydraulic Brake Company.

Plaintiff has wholly failed to establish that Bendix Aviation Corporation, the holding company of the stock of both the Hydraulic Brake Company and the Bendix Brake Company, has used such control to the detriment of the Hydraulic Brake Company, or its stockholders.

We think the trial court arrived at the correct conclusion. Decree of trial court affirmed, with costs.

NELSON SHARPE, C. J., and NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.