## MISSOURI POWER & LIGHT CO. v. CITY OF LA PLATA, MO., et al.

No. 523.

District Court, E. D. Missouri, N. D.

March 14, 1935.

Anderson, Gilbert & Wolfort, of St. Louis, Mo., for plaintiff.

L. P. Embry, of California, Mo., and George H. Williams, of St. Louis, Mo., for defendants.

DAVIS, District Judge.

This amended bill for injunction questions the authority of the government, acting under sections 1, 201, 202, 203, and 206 of the National Industrial Recovery Act (15 USCA § 701, 40 USCA §§ 401–403, 406), to loan and grant money to the city of La Plata, Mo., for the construction of an electric light and power plant. The facts are set out in the amended complaint, and there is no occasion to restate them. The defendants have filed separate motions to dismiss, which present the question now before the court.

The plaintiff has no electric power plant in the city of La Plata. It produces power at some other place and conveys it to that city, among other points, for distribution, sale, and use. Plaintiff has a contract, which expires on April 27, 1937, nonexclusive in terms and character, to furnish electric service and power to that municipality.

The city of La Plata has authority under the state law to construct and operate a power plant. It has the authority also to terminate its contract with plaintiff if ad-

vised so to do. The rights, duties, and obligations of the respective parties in that respect would be exactly the same, should the proposed municipal plant be constructed, as they are now. The construction of the plant would deprive plaintiff of no legal right which it now enjoys.

The plaintiff to state a cause of action must not only allege that the statute in question is invalid, but must also allege facts showing that it will, by the execution of the proposed plan, suffer some legal injury peculiar to its own business or undertaking. Commonwealth of Massachusetts v. Mellon, 262 U. S. 447, 43 S. Ct. 597, 67 L. Ed. 1078; City of Allegan v. Consumers' Power Co. (C. C. A.) 71 F.(2d) 477. This essential element of a cause of action is absent in this case, for the reason that the plaintiff now has no exclusive franchise to furnish electric energy to the city of La Plata.

At the argument, and in its brief, plaintiff contended that even if the above sections of the Recovery Act are valid, the proposed undertaking was not according to the terms of the act, because, plaintiff urged, section 1 of the act provides that the purpose of the statute was to eliminate unfair competitive practices, to increase purchasing power, to relieve unemployment, etc., and that the prosecution of the plan for the construction of a municipal plant at La Plata would not tend to produce those results. We have difficulty in following plaintiff in this argument, but great reliance was placed upon this contention. Since the hearing of the motion, the Supreme Court in the case of Panama Refining Co., et al. v. Ryan et al., 293 U. S. 388, 55 S. Ct. 241, 247, 79 L. Ed. —— (January 7, 1935), has effectively answered this argument. The court there said the outline of purposes set forth in section 1 of the act was simply an introduction, and left the "legislative policy as to particular subjects to be declared and defined, if at all, by the subsequent sections." So that the portion of the statute here attacked is in no manner qualified by section 1.

The essence of this case is the attack upon the constitutionality of particular sections of the Recovery Act, which plaintiff is without authority to urge. This conclusion accords in part with the opinions of Judge Otis in Missouri Utilities Co. v. City of California (D. C.) 8 F. Supp. 454, and

Judge Faris in Arkansas-Missouri Power Co. v. City of Kennett [1] (decided February 25, 1935).

The motions to dismiss the amended bill are sustained.