MENOMINEE & MARINETTE LIGHT & TRACTION CO. v. CITY OF MENOMINEE, MICH., et al.

No. 814.

District Court, W. D. Michigan, N. D.
Aug. 6, 1935.

990

Fabian J. Trudell, of Menominee, Mich., for plaintiff.

Kenneth O. Doyle, of Menominee, Mich., for defendants.

RAYMOND, District Judge.

Plaintiff, a Michigan corporation, filed its bill of complaint against defendants, the city of Menominee, its officers and aldermen, in the circuit court of Menominee county for the purpose of enjoining the city of Menominee and its officers from consummating a loan and grant agreement entered into October 2, 1934, with the Federal Emergency Administration of Public Works, the proceeds of which loan and grant are to be used for the building of a municipal electrical plant. The circuit judge issued a temporary restraining order in conformity with the prayer of the bill. Shortly thereafter defendants removed the proceedings to this court, and the matter is now pending upon defendants' motion to dismiss the amended bill of complaint for want of equity, and to dissolve the restraining order, or, in the alternative, that plaintiff be required to furnish an adequate injunction bond. Plaintiff's motion for temporary injunction as prayed in paragraph 3 of the amended bill is also before the court. The various motions have been argued orally, and the arguments have been supplemented by briefs. Several issues are presented and discussed which involve controverted issues of fact, and are not considered proper for consideration prior to final hearing.

In determining the motion to dismiss, the following well-settled principles must be observed: That the court should refrain from consideration of the merits of the case and dispose of the issue upon the grounds on which federal jurisdiction is invoked; that, where a doubtful question is raised by the pleadings, courts, without subjecting the bill to an over-critical or minute analysis, are inclined to allow a case in equity to go to issue and proof; that the question rests in the discretion of the court which will decline to pass upon it when convenience and justice are better served by reserving the question for trial; that dismissal of the bill upon final hearing must appear to be inevitable in order to justify granting the motion; and that only defenses in point of law appearing upon the face of the complaint may be considered. See Flanders v. Coleman, 250 U. S. 223, 39 S. Ct. 472, 63 L. Ed. 948; Dixon v. Hopkins (C. C. A.) 56 F.(2d) 783; Geiger v. First-Troy National Bank & Trust Co. (C. C. A.) 30 F.(2d) 7; Ansehl v. Puritan Pharmaceutical Co. (C. C. A.) 61 F.(2d) 131, and Albee Godfrey Whale Creek Co. v. Perkins (D. C.) 6 F. Supp. 409.

The bill alleges that the plaintiff has been for many years engaged in generating, transmitting, and distributing electricity to the city of Menominee from a generating plant located some distance from the city; that it possesses valid and lawful operating rights in the city; that since 1921 it has expended in excess of $200,000 for the purpose of repairing and rebuilding its distribution system; that it owns and operates a complete and adequate electrical distribution system in the city; that it has an investment there in its properties of more than $577,000, and that it is a taxpayer of the city; that resolutions have been adopted by the city council having for their purpose the construction of a municipal light and power project, and the issuance of mortgage bonds therefor; that the Federal Emergency Administration of Public Works has approved an application under which it will advance funds to the city in the sum of $803,000 of which as much as $603,000 may be a loan and as much as $238,000 may be a grant or gift; that said proposed loan and grant agreement is unlawful in that the city in many respects attempts to delegate its powers and discretion to agencies of the federal gov-

ernment; that the ordinance authorizing the construction of an electrical plant and providing for the issuance of bonds is invalid for divers reasons; that the properties and business of the plaintiff will suffer serious damage through the illegal and wrongful action of defendants; and that the plan, if consummated, will result in certain and irreparable loss to plaintiff and to its stockholders and bondholders. The bill further alleges that the loan and grant agreement are invalid because one of the conditions thereof is that the city must furnish evidence satisfactory to the administration that the plaintiff will be without authority to sell electric power within the municipal limits, and that its structures can be forcibly removed if necessary by not later than 1937. Plaintiff also avers that the proposed grant has not been validly authorized under the provisions of the National Industrial Recovery Act (48 Stat. 195) for the reason that the Administrator has not prepared the comprehensive program of public works required by section 202 of that act (40 USCA § 402) to be prepared, and that aid or grant to the city of Menominee has not been included in any program prepared pursuant to the requirement of the act. The bill also avers that the provisions of sections 202 and 203 (40 USCA §§ 402, 403) are unconstitutional and void in that thereby the act undertakes to delegate legislative powers to the President and to the Administrator, and that no standard or guide is set up or provided by section 202 by which the President and Administrator shall act, but that the same is left to the sole discretion of the President. The bill of complaint is voluminous, but the foregoing outline is sufficient for consideration of the matters now before the court.

■ Upon the principles hereinbefore referred to, the motion to dismiss must be denied. It does not appear with sufficient clarity that dismissal will be inevitable upon final hearing.

The available authorities upon the underlying questions of the case are at present in serious conflict. They have been considered recently by a number of courts with varying results. See Missouri Public Service Co. v. City of Concordia, Mo. (D. C.) 8 F. Supp. 1; Washington Water Power Co. v. City of Coeur d'Alene, Idaho (D. C.) 9 F. Supp. 263; City of Campbell, Mo., v. Arkansas-Missouri Power Co. (C. C. A.) 55 F.(2d) 560; Missouri Utilities Co. v. City of California, Mo. (D. C.) 8 F. Supp. 454; Missouri Power & Light Co. v. City of La Plata, Mo. (D. C.) 10 F. Supp. 653; Iowa Southern Utilities Co. v. Cassill (C. C. A.) 69 F.(2d) 703; Duke Power Co. v. Greenwood County, S. C. (D. C.) 10 F. Supp. 854. In all probability, the status of loans and grants by the Public Works Administration will be clarified within a reasonably short period.

Consideration of the bill of complaint in the light of the authorities brings the conclusion that convenience and justice will be best served by reserving the questions involved until trial upon the merits. The motion to dismiss will accordingly be denied without prejudice to defendants' right to urge the same reasons for dismissal upon final hearing.

■ Upon the motion to dissolve restraining order, and upon the application for temporary injunction, the controlling principles are stated in cases decided by the Sixth Circuit Court of Appeals. See City of Louisville v. Louisville Home Telephone Co., 279 F. 949, 956; Interstate Transit, Inc., v. City of Detroit, Mich., 46 F.(2d) 42. Other federal courts and the Supreme Court of Michigan have relied upon similar principles. See Community Natural Gas Co. v. City of Cisco (C. C. A.) 65 F.(2d) 320; Park & Tilford Import Corp. v. Hunter Baltimore Rye (D. C.) 5 F. Supp. 888; United States v. Republic Oil Refining Co. (D. C.) 8 F. Supp. 897; Wagner Electric Corp. v. Hydraulic Brake Co., 269 Mich. 560, 257 N. W. 884. Under these authorities a decision at this time upon the ultimate question of the right of plaintiff to a permanent injunction is premature, the present inquiry being limited to whether the bill states a cause of action and whether there is reasonable probability that plaintiff may prevail upon final hearing. The likelihood of injury to defendants if temporary injunction issues would appear to be comparatively trivial provided protection is afforded by an adequate bond for payment of costs and damage in event an injunction shall ultimately appear to have been ill-founded. On the other hand, injury to plaintiff occasioned by denial of temporary injunction would be serious if not irreparable should final hearing disclose plaintiff to be entitled to such injunctive relief. Upon measur-

ing the damage of refusal of preliminary injunction to plaintiff against the injury to defendants if temporary injunction is issued under adequate bond, the court believes the injunction should issue. It therefore seems equitable to preserve the status quo of the parties, at the same time affording to defendants the protection of a bond.

An order may be submitted for signature denying the motion to dismiss, denying the motion to quash restraining order, and granting plaintiff's motion for temporary injunction upon the filing of a bond in conformity with 28 U. S. C. § 382 (28 USCA § 382), the penalty of the bond to be in the sum of $75,000.