GARVEY, by Guardian, Appellant, vs. FOX VALLEY CONSTRUCTION COMPANY and others, Respondents.

*October 11—November 14, 1944.*

66

For the appellant there was a brief by *Benton, Bosser, Becker & Parnell,* attorneys, and *David L. Fulton* of counsel, all of Appleton, and oral argument by *Mr. Fulton.*

*Heber H. Pelkey* of Appleton, for the respondents.

WICKHEM, J. In this case, taking as a verity the allegations of the complaint, a majority stockholder, in consideration for his assent to the sale of a certain contract and certain tools and equipment to another corporation, has exacted and seeks here specifically to enforce an agreement that he shall

have transferred to him one third of the capital stock of the assignee-vendee corporation. Defendants claim, (1) that no consideration is shown for the promise and particularly no such valuable consideration as will support an action for specific performance; (2) that the agreement is contrary to public policy and void.

We are of the view that the trial court properly disposed of this case. There is no allegation that the transfer of the contract and equipment was not a matter completely within the control of the directors of the Garvey-Weyenberg Construction Company. The corporation, and not plaintiff, owned the contract and tools and plaintiff had no right as stockholder to veto or to interfere with the transaction. It is argued with a great deal of force that plaintiff gave no consideration whatever. Assuming, however, a scintilla of consideration this would consist of plaintiff's power to penalize the transfer by electing a new board of directors and otherwise using such obstructive power as is inherent in the ownership of a majority of stock in a corporation. However, treating this as something of value does not make the situation more favorable to plaintiff. So considered, plaintiff has agreed not to exercise his power to disturb the transaction, provided he be given something which is denied to the other stockholders and which, except for these special arrangements, would be a part of the purchase price and go into the corporate treasury for the benefit of all the stockholders in proportion to their holdings.

It appears to us that upon its face this is an unconscionable contract and one which a court of equity should not specifically enforce.

The limited fiduciary position of majority stockholders has been adequately discussed in many cases and no detailed exposition is called for here. In connection with this, see *Theis v. Durr,* 125 Wis. 651, 104 N. W. 985; *Southern Pacific Co. v. Bogert,* 250 U. S. 483, 39 Sup. Ct. 533, 63 L. Ed. 1099;

*Heffern Co-op. v. Gauthier,* 22 Ariz. 67, 69, 193 Pac. 1021; *Allied Chemical & Dye Corp. v. Steel & Tube Co.* 14 Del. Ch. 1, 120 Atl. 486; *Wagner Electric Corp. v. Hydraulic Brake Co.* 269 Mich. 560, 257 N. W. 884. In the *Heffern Case, supra,* it is said:

"While in a narrow and restricted sense it cannot be said that the holder of the majority of the stock of the corporation occupies a relation of trust, yet it can be said in a larger and broader sense that he occupies a fiduciary relation to the holders of the minority stock and the corporation, who can only act through him. In the broader sense the holder of the majority of the stock owes to the other stockholders and the corporation the duty to exercise good faith, care, and diligence to conserve the property of the corporation and to protect the interests of the minority stockholders, and any act of his, in dealing with the property of the corporation, in violation of this duty, for his own selfish interests and gain, will not and cannot be recognized."

For citation of other authority, see 13 Am. Jur. sec. 423.

This is not the ordinary case of a majority stockholder contracting with his own corporation to sell or buy goods or services in which case the contract may be valid and enforceable if fair. 51 Yale Law Journal, 1034. In this case plaintiff was not a party to the principal contract. The agreement he seeks to enforce is that he shall get a special bonus or profit out of the deal if he does not exercise his power as a majority stockholder to obstruct a corporate deal. This constitutes an inequitable use of his powers as a majority stockholder to the detriment of the corporate assets and to the interests of the other stockholders. For this reason we hold that specific performance should not be decreed even though as alleged there was consent to the execution of the contract by the other stockholders.

In view of our conclusions we deem it unnecessary to deal with questions raised by the motion to review.

*By the Court.*—Orders and judgment affirmed.