REED v. BURTON.

1. Corporations—Evidence Justifying Interference by Courts.

It is only upon a clear showing of actual or impending wrong that courts will interfere with the affairs of a corporate body.

2. Same—Directors—Discretion of Officers.

Matters of business judgment and discretion of corporate officers are not subject to judicial review so long as the directors of a corporation control its affairs within the limits of the law.

3. Same—Discretion of Officers—Courts.

It is not the function of a court to manage a corporation nor substitute its own judgment for that of the officers thereof, except when the officers are guilty of wilful abuse of their discretionary powers, bad faith, neglect of duty, perversion of the purpose of the corporation, fraud or breach of trust.

4. Same—Minority Stockholder's Suit—Parties—Directors.

Directors of corporation who were not also officers were not necessary parties to suit by minority stockholder to enjoin corporation from conveyance of certain property because of claimed conspiracy until they made full disclosure, where such "naked" directors were not clothed with power to make conveyance and plaintiff is amply protected so far as relief is concerned by reason of continuation as parties defendant of officers who are authorized to make the conveyance.

5. Injunction—Necessity—Parties.

The injunctive process is employed only with full conviction of its urgent necessity, necessity as to purpose and as to parties.

---

References for Points in Headnotes
[1-3] 13 Am Jur, Corporations §§ 450-452.
[4] 13 Am Jur, Corporations § 459.

Appeal from Wayne; Weideman (Carl M.), J. Submitted October 11, 1955. (Docket No. 60, Calendar No. 46,447.) Decided December 1, 1955.

Bill by Harriet Burton Reed against Frank Burton and others, officers and directors of Burton Mortgage Bond Company, a Michigan corporation, and William B. Giles, Walter A. Kleinert and Robert L. Sauer, directors, to restrain sale of property. Defendants Giles, Kleinert and Sauer moved to dismiss and motion was granted. Plaintiff appeals. Affirmed.

*Nathan E. Shur,* for plaintiff.

*Walter A. Kleinert,* for defendants Giles, Kleinert and Sauer.

*William B. Giles,* for defendant Burton Mortgage Bond Company, asking affirmance.

SMITH, J. The plaintiff-appellant in this action is a director and stockholder of defendant Burton Mortgage Bond Company, a Michigan corporation. The defendants-appellees are 3 directors of the corporation. They have no other official duties with respect to the corporation. They sit on the board and they direct. We will call them naked directors, borrowing the expression from their brief, to distinguish them from the remaining directors, all of whom are officers of the corporation. (None of the latter group is a party to this appeal.)

The action arises out of a plan to dispose of certain real property belonging to the corporation, discussed at a board meeting on September 15, 1954. The defendants-appellees take oath that the following transpired:

"Mr. Edson N. Burton reported a tentative offer of $3,000 per acre for the 77-acre parcel of land this company owns in section 9, of Livonia. This offer was not in writing but will be so submitted and reported at the next meeting of this board.

"Mrs. Harriet B. Reed did not think we should pay a commission to anyone for selling this land. She thinks we should advertise and sell it ourselves.

· "Mr. Frank Burton stated that he thought $3,000 per acre was a good price and that we ought to place the sale in the hands of a real-estate broker and pay a commission for his services.

"Mr. Edson N. Burton concurred.

"Since Leo Nye has done some preliminary investigating price-wise on the land and he seems to be the real-estate broker involved, Mr. William B. Giles·thought we should tell him we are or are not going to pay a commission. Mr. William .B. Giles thinks that $3,000 per acre is a good price for the land in question.

"Mr. Clarence M. Burton thinks $3,000 per acre net, to us, is a fair price to ask for the land and further thinks that if a real-estate broker, no matter who, sells it for us he is certainly entitled to his full commission.

"Messrs. Sauer, Kleinert and Potter all think the price is a fair one and Mr. Potter thinks we should authorize the officers of the company to proceed with the offering.

"Mrs. Elizabeth B. Spokes thinks it would be well to sell some of the land we own in Livonia but knows nothing of its value.

"Mrs. Harriet B. Reed said she does not know if $3,000 per acre is a fair price or not.

"On motion duly made by Mr. Ray L. Potter, supported by Mr. Walter A. Kleinert and carried, it was:

"RESOLVED, that the president and/or executive vice-president be and he or they are hereby authorized to sell said 77-acre parcel or any part of it for not less than $3,000 per acre and to provide for a

commission from us of not to exceed 5% out of the $3,000 figure and that a proper deed of conveyance be executed by the officers so authorized by the by-laws.

"All voted 'aye' except Mrs. Harriet B. Reed, who voted 'no'."

Before going on to describe Mrs. Reed's charges, it will make for a more complete understanding of the issues if we anticipate to the extent of pointing out that defendants-appellees assert that the main-spring of the case is found in the last sentence above quoted. They assert that an outvoted and disgruntled director seeks to substitute for normal corporate action the judicial processes of this Court.

The plaintiff-appellant's version (which we accept as true for the purposes of this appeal) differs from the above. One specific difference is that she asserts that the sale was to be at terms "satisfactory to the officers." Beyond this, however, she paints a picture of even darker hue: The directors have conspired to violate their fiduciary duties; they have knowledge concerning the sale which they have not disclosed, "although requested by your plaintiff;" they are nonvigilant and nondiligent in the performance of their duties, and their actions are constructively fraudulent. We will not amplify the charges. Enough has been said to indicate their scope and the full range of condemnation made. They are serious and they are sweeping. In fairness to defendants-appellees we should add that the charges are vigorously denied by them, and under oath.

It is upon these allegations that aid of the Wayne county chancellor was invoked. A stockholder's action was filed by plaintiff-appellant in the circuit court for the county of Wayne. She prayed for an injunction against defendants Frank Burton, Edson N. Burton, Clarence M. Burton, Ray L. Potter, as officers and directors of Burton Mortgage Bond

Company, against such company, and against defendants-appellees William B. Giles, Walter A. Kleinert and Robert L. Sauer, as directors thereof. The relief sought seems sufficiently comprehensive to forestall the contemplated, conspiratorial, and asserted fraud: The defendants shall not convey the property until they make a full disclosure.

But the difficulty with plaintiff-appellant's case, the last-named 3 directors, appellees herein, assert, is that they are utterly without power to convey, transfer, sell or encumber. That power, under the bylaws of the corporation, they assert, is vested in others:  ·

" 'Execution of documents. How made. All deeds, documents, notes, bills, checks, drafts, mortgages, and orders for payment of money, shall be signed by such officer or officers or authorized agent, as the board of directors may from time to time officially, by resolution, specifically authorize and direct. In the absence of any specific resolution or bylaw, any 2 of the following officers, the president, executive vice-president, the secretary or treasurer, shall be authorized to execute the same in behalf of the corporation.' (Article 9, § 1.)"

Accordingly, the 3 director-defendants who are not the officers of the company, and who lack (either under the above bylaw or other appropriate resolution) power to convey or transfer, moved to dismiss as to themselves. Their ground, in essence, was that, lacking such power, they were not proper parties to the action. It was the trial court's granting of their motion which brings the case to us. We note, incidentally, that the officers named in the above-quoted bylaw, who have the conveyance authority, are and remain parties defendant to the action.

It is with reluctance, and only upon a clear showing of actual or impending wrong, that we move in on the affairs of a corporate body. We have con-

sistently followed the rule stated in *Wagner Electric Corp.* v. *Hydraulic Brake Co.*, 269 Mich 560, 566, 567, that:

"So long as the directors of a corporation control its affairs within the limits of the law, matters of business judgment and discretion are not subject to judicial review. 2 Cook, Corporations (7th ed), § 545; 1 Morawetz, Private Corporations (2d ed), § 447; *Hunter* v. *Roberts, Throp & Co.*, 83 Mich 63; *Park* v. *Grant Locomotive Works*, 40 NJ Eq 114 (3 A 162)."

Likewise, in *Barrows* v. *J. N. Fauver Co.*, 280 Mich 553, 558, 559, we said:

"It is not the function of the court to manage a corporation nor to substitute its own judgment for that of the officers thereof. It is only when the officers are guilty of wilful abuse of their discretionary powers or of bad faith or of neglect of duty or of perversion of the purpose of the corporation or when fraud or breach of trust are involved that the court will interfere. *Dodge* v. *Ford Motor Co.*, 204 Mich 459 (3 ALR 413)."

So far, then, as these naked directors are concerned, do we have stated to us a cause of action warranting our action as to them? As noted above, in reaching our decision we must, for the purposes of the appeal, accept as true the plaintiff-appellant's allegations. But even such acceptance does not automatically open our doors to her. Stripped of verbiage, plaintiff-appellant complains that the directors are conspiring, and abusing their trust, with respect to the Livonia property, and plaintiff, therefore, prayed to the court to enjoin the individually named defendants "from in any way conveying or attempting to convey" the property in question. The pleading is clear, both as to charges made and as to relief prayed. But if directorial connivance at

fraud is to accomplish its wicked purpose it must come to flower in affirmative action of some kind. In this case the conspiracy, as it is pleaded, looks to the fraudulent disposition of the property. Hence, the thrust of the injunction prayed, at those officers who have it within their power to convey. The pleadings are clearly nondemurrable so far as they are concerned.

But the defendants-appellees herein are not so empowered. The limit of their authority has been reached when, by directorial action, they authorize the proper officials to convey. Authorization is not conveyance. They are 2 separate and distinct legal steps which we find no authority or justification for merging.

The injunctive process of the chancellor, "the strong arm of equity," we employ only with full conviction of its urgent necessity, necessity as to purpose and necessity as to parties. With respect to the latter we are aware that an injunction to refrain from doing a fraudulent act will not hurt an honest man. But we are even more aware that an honest man should not be subject to it. In short, as long as the officers who are authorized by the corporation's resolutions and bylaws to convey are subject to injunction, the plaintiff-appellant is amply protected and the nonofficeholding, naked, directors are not necessary parties thereto.

Order of dismissal affirmed. Costs to appellees.

CARR, C. J., and BUTZEL, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.