WAYNE PROSECUTING ATTORNEY *v.* NATIONAL
MEMORIAL GARDENS, INC.

1. Corporations — Courts — Interference in Management — Officers — Fraud.

The rule that it is not the function of a court to manage a corporation nor to substitute its judgment for that of the officers of the corporation applies only to where there has been no fraud, misconduct, or abuse of discretion by the officers and directors.

2. Equity—Jurisdiction Retained to Dispose of All Issues.

Equity will not enter a partial or incomplete decree but, having taken cognizance of a cause for any purpose, will ordinarily retain jurisdiction for all purposes, decide all issues which are involved by the subject matter of the dispute between the litigants, award relief which is complete and finally disposes of the litigation so as to make the performance of the court's decree perfectly safe to those who may be compelled to obey it, accomplish full justice between the parties litigant, and prevent future litigation.

3. Corporations—Fraud—Extension of Jurisdiction of Equity.

Order entered by trial court extending its jurisdiction over corporations which had previously been ordered dissolved in proceeding by prosecuting attorney commenced by bill in nature of quo warranto against nonprofit rural cemetery corporation. and profit corporation organized to promote sales and management of cemeteries and cemetery property *held*, proper, on appeal of third defendant, the principal stockholder in both corporations, who had been found to have drained off earnings of both corporations and there had been found abundant evidence of fraud, the extension of jurisdiction being necessary to insure against future abuses and frauds.

---

References for Points in Headnotes

[1] 13 Am Jur, Corporations § 1146.
[2] 19 Am Jur, Equity §§ 10, 127, 450.
[3] 13 Am Jur, Corporations § 1156.
   19 Am Jur, Equity § 10.

Appeal from Wayne; Piggins (Edward S.), J.
Submitted April 11, 1962. (Docket No. 60, Calendar
No. 49,648.) Decided May 18, 1962.

Bill in the nature of quo warranto by Samuel H.
Olsen, Prosecuting Attorney for the County of
Wayne, on his own relation, against National Me-
morial Gardens., Inc., a Michigan nonprofit cemetery
association, Garden Planners, Inc., a Michigan cor-
poration, and Arthur L. Hardin, to declare corporate
franchises forfeited. Following receivership pro-
ceedings court approved plan of reorganization.
From a *sua sponte* order extending time during
which court retained jurisdiction, defendant Hardin
appeals. Affirmed.

*Samuel H. Olsen,* Prosecuting Attorney, *Aloysius
J. Suchy* and *George H. Cross,* Assistant Prosecut-
ing Attorneys, for plaintiff.

*Charles H. King,* for defendant Hardin.

*George Brett Shaeffer,* for defendant National Me-
morial Gardens, Inc., asking dismissal of appeal.

KELLY, J. Wayne county prosecuting attorney,
Samuel H. Olsen, filed a bill of complaint in the na-
ture of quo warranto (August 1, 1958), requesting
the Wayne county circuit court to declare void and
order the forfeiture of the 2 Michigan corporation
franchises issued to National Memorial Gardens,
Inc., and Garden Planners, Inc.*

Appellant, Arthur L. Hardin, was the organizer
of, and principal stockholder in, both corporations
and was named as a defendant.

Garden Planners, Inc., was organized as a profit
corporation to promote the sales and management of

---

* See CL 1948, § 638.27 (Stat Ann § 27.2341).—REPORTER.

cemeteries and cemetery property; National Memorial Gardens, Inc., was organized as a nonprofit corporation under the rural cemetery act. (CL 1948 and CLS 1956, § 456.101 *et seq.* [Stat Ann and Stat Ann 1961 Cum Supp § 21.871 *et seq.*]).

A 2-week trial culminated in Judge Targonski finding "that burial rights in the cemetery were being sold to persons under false representations, that the salesman who made the representations knew they were false, and that the officers of the corporations knew that the representations were being made by the salesman to the public"; that the earnings of the nonprofit corporation were deliberately drained off "for the personal gain of Mr. Hardin (appellant)"; that the many acts of fraud that were charged in the bill have been proven by evidence, and that "for the many derelictions of duty, both legal and moral shown by the proofs, it is the finding of this court that the corporate franchises of National Memorial Gardens, Inc., a nonprofit corporation, and the Garden Planners, Inc., a Michigan corporation, should be revoked."

In conformity with the opinion, an interim decree was entered December 31, 1959, wherein it was decreed that the 2 corporations were dissolved, their charters, franchises and rights revoked, and a receiver appointed, to whom was to be surrendered all of the assets of the 2 corporations. Appellant did not appeal from this decree.

October 19, 1960, defendants presented to Hon. Edward S. Piggins (Judge Targonski's successor) an instrument entitled "Program for the termination of litigation in furtherance of the interim decree heretofore entered in this cause and pending proceedings," by which they requested that the charters of the 2 corporations be restored; that the contract between the 2 corporations be declared null and void; that the court select a new board of directors and

trustees for National Memorial Gardens, Inc., from a list of outstanding members of the American Legion, Veterans of Foreign Wars, and similar veterans' organizations; that the court retain jurisdiction "so that any party hereto may, at the end of 6 months and not later than 8 months, petition the court for such other and further relief as they may feel the situation then calls for, it being the intent and purpose hereof to permit these trustees and directors to re-establish and to place into operation this veterans' cemetery for the purpose to which it has been dedicated."

The court, pursuant to defendants' request, entered a final decree (October 27, 1960) restoring the charters to the 2 corporations; appointing new board of directors and trustees for National Memorial Gardens, Inc., and Garden Planners, Inc., consisting of 7 veterans from the list submitted by defendants; bringing to a conclusion the duties of the receiver, and providing that "This court retains jurisdiction of this cause and its subject matter in order that any party or individual involved in these proceedings or having any interest herein, may appeal to the court for other and further relief not later than 10 months from the date hereof."

On March 14, 1961, the court-appointed board of directors and trustees of the 2 defendant corporations petitioned the court, setting forth the problems they had faced, and would face, in endeavoring to restore order to the chaos created by appellant Hardin, and prayed for the court's assistance and direction.

June 27, 1961, appellant Hardin filed his motion resisting the request of the board of directors and trustees and based such motion upon the following premise:

"In a proceeding in the nature of quo warranto, the charters of the corporations affected having been

restored, boards of directors therefor having been lawfully constituted and the receiver thereof having been discharged, the court is thereafter without jurisdiction to intercede in the management of the corporations' affairs by their said lawfully constituted boards of directors."

The court entered an order on August 1, 1961, granting certain phases of the directors and trustees' petition for instructions, and reserving the remainder for future determination by the court.

August 9, 1961, the court, recognizing the need to extend its jurisdiction over the cause because of the undetermined questions raised in the petition, entered an order *sua sponte* extending its retained jurisdiction for a period of 12 more months.

The present matter comes to our Court on the appeal of defendant Arthur L. Hardin, who complains about the court's order of August 9, 1961, retaining jurisdiction.

Appellant cites cases wherein we have held that it is not the function of the court to manage a corporation nor to substitute its judgment for that of the officers of the corporation.*

The principle stated by appellant applies only to cases where there has been no fraud, misconduct, or abuse of discretion by the officers and directors.

Prosecuting Attorney Olsen's actions were not a quo warranto proceeding in law, but rather a bill of complaint in the nature of quo warranto impressing the remedies available in a court of equity.

19 Am Jur, Equity, § 127, p 126, reads in part as follows:

"The rule is that equity will not enter a partial or incomplete decree. Having taken cognizance of a cause for any purpose, a court of equity will or-

---

* *Barrows* v. *J. N. Fauver Co.*, 280 Mich 553; *Sorrick* v. *Consolidated Telephone Co.*, 340 Mich 463; *Reed* v. *Burton*, 344 Mich 126; *Good* v. *Modern Globe, Inc.*, 346 Mich 602.

dinarily retain jurisdiction for all purposes; decide all issues which are involved by the subject matter of the dispute between the litigants; award relief which is complete and finally disposes of the litigation so as to make performance of the court's decree perfectly safe to those who may be compelled to obey it; accomplish full justice between the parties litigant; and prevent future litigation."

This rule was followed in *Whipple* v. *Farrar*, 3 Mich 436 (64 Am Dec 99); *Pungs* v. *Hilgendorf*, 289 Mich 46, 55; *Stephenson* v. *Golden*, 279 Mich 710; and *Jenks* v. *Daniel*, 304 Mich 239.

We agree with appellee's statement that the court "recognized the damage or injury to innocent persons and did not impose the general ouster" and "recognized that the ouster previously ordered in the interim decree would work an extreme hardship and be a denial of the property rights of the innocent victims of the defendant's fraudulent actions and, therefore, restored the corporate status, and to insure against future abuses and frauds not only appointed a board of directors and trustees, but maintained and when necessary extended its retained jurisdiction over the persons, property, and cause."

Affirmed. Costs to appellees.

CARR, C. J., and DETHMERS, BLACK, KAVANAGH, OTIS M. SMITH, and ADAMS, JJ., concurred.

SOURIS, J., did not sit.