WAYNE COUNTY PROSECUTING ATTORNEY *v.* NATIONAL MEMORIAL GARDENS, INC.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—EVIDENCE.

Claim made for first time on second appeal that evidence was insufficient to support court's findings of fact and initial decree is not considered.

2. CORPORATIONS—COURTS—FRAUD—ABUSE OF DISCRETION—OFFICERS —DIRECTORS.

Rule that a court may not manage a corporation does not apply in case of fraud, misconduct, or abuse of discretion by the officers and directors.

3. JUDGMENT—RESTORATION OF CORPORATE CHARTER—FRAUD—CONSIDERATION.

The judicial restoration of corporate charters by final decree did not serve to revive any rights in stockholder or alleged holder of debentures issued by defendant cemetery corporation in furtherance of such person's fraudulent purpose without any consideration.

4. CEMETERIES—TITLE OF LAND—UNJUST ENRICHMENT.

Defendant cemetery corporation whose funds were used for making payments on land contracts and which land was represented as cemetery property to purchasers of cemetery lots and to releasee of right-of-way was properly decreed to be owner of such land, where it had been dedicated for cemetery purposes and had long been exempted on the tax rolls as cemetery property, there being no unjust enrichment of the cemetery at the expense of the person claiming title thereto and whose

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 609.
[2] 19 Am Jur, Equity § 182.
[3] 13 Am Jur, Corporations §§ 420, 421.
[4] 14 Am Jur 2d, Cemeteries §§ 14, 16, 20.

fraudulent operations had partly depleted the cemetery's perpetual care fund.

Appeal from Wayne; Piggins (Edward S.), J. Submitted May 5, 1964. (Calendar No. 41, Docket No. 50,229.) Decided February 2, 1965.

See 366 Mich 492. Proceedings continued. Decree for plaintiff strengthening the financial structure of the reorganized National Memorial Gardens, Inc. Defendant Hardin appeals. Affirmed.

*Samuel H. Olsen,* Prosecuting Attorney, *Aloysius J. Suchy* and *George H. Cross,* Assistant Prosecuting Attorneys, for plaintiff.

*Charles H. King* (*John W. Rae,* of counsel), for defendant Hardin.

*George B. Shaeffer* and *Charles Upton Shreve,* for defendant National Memorial Gardens, Inc., and its Court-appointed Board of Trustees, asking affirmance.

DETHMERS, J. Examination of this Court's opinion in the previous appeal in this same case, reported at 366 Mich 492, will reveal the background and some factual materials pertinent here. Since then, the trial court entered a final decree (1) determining title to the cemetery lands and ownership of certain personal property to be in defendant National Memorial Gardens, Inc., (2) cancelling the outstanding stock in that nonprofit corporation held by defendant Hardin, and (3) cancelling $950,000 in debentures allegedly issued by it to him. From this he appealed. Since then he has died and, on motion, the ancillary administrator of his estate is substituted in his place as appellant.

From the above opinion it will be noted that on the previous trip of this case here appellant Hardin did not appeal from the provisions of the original, interim decree dissolving the two defendant corporations and transferring all the corporate assets to a receiver. Neither did he appeal from a subsequent decree restoring the charters of the two corporations and appointing a new board of directors and trustees therefor. The previous appeal, instead, was from a later order of the court extending for a further period its jurisdiction over the cause because of undetermined questions raised in the petition of the Court-appointed board of directors and trustees seeking the court's assistance and direction in management of the corporate affairs. In that appeal he raised no question concerning the trial court's finding of fraud and mismanagement of the corporations' business to his own profit as grounds for revoking the charters and appointment of a receiver. In this Court's opinion in that case we alluded to the trial court's having made such findings of fact as a basis for the charter revocations and this Court indicated its tacit approval. In fact, this Court rejected appellant's contention for the principle that it is not the function of the court to manage a corporation by stating that that does not apply to cases of fraud, misconduct, or abuse of discretion by the officers and directors. Under the circumstances we need not now consider the argument for the first time made here by appellant in this appeal that there was insufficient evidence to support the court's findings of fact and initial decree ousting defendant National Memorial Gardens, Inc., from the exercise of its corporate charter. Were the question properly before us now, the record lends appellant scant comfort on the subject.

In the previous opinion this Court upheld the trial court's order retaining and extending its jurisdiction over the cause for the purpose of making further and final disposition of the rights of parties involved. That purpose has been pursued and the trial court has made such final disposition. On this appeal the question is whether the court had the authority, in so doing, to provide, as above stated, for cancellation of the stock and debentures and determining title of land and personalty to be in defendant corporation which appellant claims belong to him.

Involved is a succession of incorporations, corporate dissolutions, and formation of successor corporations, some profit and some nonprofit, some as cemetery corporations buying on contract the lands dedicated for cemetery purposes, another as the title holder selling by a series of land contracts the same lands to the successive cemetery corporations, another as a cemetery developer and lot seller, and yet another for making physical improvements on lands for cemetery purposes, in which defendant Hardin was the prime organizer, dissolver, stockholder, president, and maker of contracts between the several corporations, all in a course found by the trial court, before the previous appeal, to be fraudulent and self-serving by defendant Hardin, to his financial profit and the loss of defendant National Memorial Gardens, Inc., which is the latest of the succession of cemetery corporations. It was because of such finding that the two corporate defendants were dissolved and their assets placed in the hands of a receiver. Because the trial court, after the previous appeal, determined that the best interests of real parties at interest, namely owners of lots in which loved ones had been or later would be buried, would be prejudiced by an extended receivership, it revived the corporation to be operated under

a Court-appointed board of trustees and directors so that the cemetery might function as such in a normal manner in the future.

We agree with the trial court's determination, made at the time of its final decree, that the restoration of the corporation charters for such purposes did not serve to revive in Hardin, whose frauds and misdeeds had necessitated the corporation dissolutions, any rights as a previous stockholder or alleged holder of debentures issued by defendant cemetery corporation in furtherance of what the court found to be a fraudulent purpose without any consideration.

A more difficult problem is presented with respect to one parcel of land to which Hardin claims title but which the court decreed to be the property of the cemetery corporation. The latter, when incorporated by Hardin upon his dissolution of its predecessor, received from him a land contract which excluded that parcel. It had been included in the land contracts, executed by Hardin as president of the title holding corporation, with the preceding cemetery corporations. It also had been included in a quitclaim deed, executed by Hardin as president, to defendant cemetery corporation from its immediate predecessor cemetery corporation. The land had been dedicated for cemetery purposes; it had long been exempt on the tax rolls as cemetery property; in a right-of-way release which Hardin had executed as president of the corporation it was represented as cemetery property; it was so represented to cemetery lot purchasers. All the land acquired for and dedicated for cemetery purposes was paid for out of cemetery funds. The fund supposedly set aside for perpetual care of cemetery lots became depleted partly by reason of Hardin's self-dealing. Under all of these circumstances it

cannot be said that the cemetery corporation was unjustly enriched by being decreed owner of the property or that Hardin was unjustly deprived thereof.

Affirmed.

KAVANAGH, C. J., and KELLY, BLACK, SMITH, O'HARA, and ADAMS, JJ., concurred.

SOURIS, J., did not sit.