SORRICK v. CONSOLIDATED TELEPHONE COMPANY OF SPRINGPORT.

1. CORPORATIONS—BYLAWS—COURTS.

A court may not declare a corporate bylaw invalid or void unless it is unreasonable, against public policy, or violative of some provision of law.

2. SAME—COURTS.

A court may not substitute its judgment to interfere with the internal workings of a corporation.

3. EQUITY—MAXIMS.

Equity follows the law.

4. CORPORATIONS—TRANSFER OF STOCK—RESTRICTIONS—STATUTES—COURTS.

Courts should not write into the law a limitation on stock transfers contrary to the well-accepted understanding of the method of creating such limitations as set forth in the general corporation act and the uniform stock transfer act (CL 1948, § 441.15; § 450.4, as amended by PA 1951, No 239; §§ 450.17, 450.100).

5. SAME — COOPERATIVES — TRANSFER OF STOCK — RESTRICTIONS — PRINTING OF RESTRICTIONS ON STOCK.

Purchaser of a single share of stock of cooperative organization *held,* entitled to have stock transferred to him on company's books, notwithstanding he already had 25 shares and bylaws

---

REFERENCES FOR POINTS IN HEADNOTES

[3] 19 Am Jur, Equity § 453.
[4] 13 Am Jur, Corporations § 329.
[5] 13 Am Jur, Corporations § 337.
[6] 13 Am Jur, Corporations §§ 489, 490.

provided no one should be allowed to own more than 5 shares at any one time, where such restriction was not printed upon the share of stock (CL 1948, § 441.15; § 450.4, as amended by PA 1951, No 239; §§ 450.17, 450.100; § 484 *et seq.*).

6. APPEAL AND ERROR—QUESTIONS REVIEWABLE—VOTING RIGHTS IN A COOPERATIVE.

Whether or not purchaser of 1 share of stock in a cooperative organization, who already had 25 shares had voting rights with respect to such additional share is not determined, where the question was not presented and the bylaws provided that no member should be allowed to own more than 5 shares and that "each member shall be allowed 1 vote" (CL 1948, § 484.1 *et seq.*).

Appeal from Jackson; Boardman (Harry D.) J. Submitted June 11, 1954. (Docket No. 49, Calendar No. 46,126.) Decided September 8, 1954.

Bill by Douglas M. Sorrick against the Consolidated Telephone Company of Springport to enforce transfer of stock on books of company. Bill dismissed on pleadings. Plaintiff appeals. Reversed and decree ordered entered.

*Jennings, Fraser, Parsons & Trebilcock* (*Richard J. Brake,* of counsel), for plaintiff.

*James W. Williams,* for defendant.

BUSHNELL, J. Plaintiff Douglas M. Sorrick at one time was the general manager, president and director of defendant, the Consolidated Telephone Company of Springport. That company was organized on September 21, 1928, under the provisions of PA 1883, No 129, as amended (CL 1948, § 484.1 *et seq.* [Stat Ann § 22.1411 *et seq.*]). Its authorized capital stock was $25,000, divided into 1,000 shares at a par value of $25 each, $11,100 being subscribed at the time its articles of association were filed with the secretary of State on January 3, 1929.

At its organizational meeting the members adopted a "constitution" (bylaws), which contained the following provision which has not been altered, modified or amended to date:

"The capital stock of the company shall be $25,000 and shall not be increased without a favorable vote of the majority of the members.

"The par value of each share shall be $25 and no member shall be allowed to own more than 5 shares of stock at any one time.  *  *  *

"At all meetings of the company, 8 members shall constitute a quorum and each member shall be allowed 1 vote."

Notwithstanding these provisions, Sorrick eventually became the owner of 25 shares of stock, which are registered in his name on the books of the corporation, he having had at the time custody and control of the corporate books and records, through which he must have had full knowledge of the provisions of the "constitution" (bylaws). On or about March 3, 1953, Sorrick purchased an additional share of defendant's capital stock from one John M. Kerwin, of Springport, at the alleged price of $10. Sorrick thereafter requested Ira Hammond, secretary-treasurer of defendant company, to transfer this share of stock on the books of the corporation, which request was refused.

On June 13, 1953, Sorrick began a suit in chancery, seeking specific performance of an "implied" agreement to transfer such stock. A motion to dismiss was filed by defendant company on certain grounds, among which was that it appears from the face of the bill of complaint that the amount in controversy does not exceed the sum of $100. This motion to dismiss was denied. An answer and a reply were filed, after which defendant moved for "judgment" on the pleadings. The trial judge considered the

matter as thus presented, filed a written decision on the motion, in which he held that "plaintiff is not entitled to any of the relief sought in this action." A decree dismissing plaintiff's bill of complaint was entered. Following denial of a motion for rehearing plaintiff appealed.

It is admitted in the answer to the motion for "judgment" on the pleadings that the sole issue between the parties is the validity or invalidity of the hereinbefore quoted provisions of the "constitution" (bylaws) of defendant corporation, and that this issue:

"depends for its determination in part upon the disputed factual question of whether or not defendant corporation ever was organized as a cooperative, or whether or not it was ever intended to be organized as a cooperative."

In its answer defendant alleged that it is a cooperative organization.

PA 1883, No 129, as amended (under which defendant was organized), is entitled: "An act for the organization of telephone and messenger service companies." It provides that the articles shall state the purpose of organizing a corporation under that act, its name, place at which the principal business office is located, the amount of its capital stock, number of shares, amounts subscribed, the amount paid thereon, and that such stock "shall be divided into shares of not less than 10 dollars nor more than 100 dollars each, and shall be deemed personal property."

The Michigan general corporation act (PA 1931, No 327, as amended), which superseded PA 1921, No 84, states that: "Except as otherwise indicated 'corporation' means a corporation formed or existing under the laws of this State." CL 1948, § 450.2, as amended by PA 1949, No 229 (Stat Ann 1953 Cum

Supp § 21.2). The following sections of the corporation act provided:

"One or more incorporators may incorporate under this act for the purpose of carrying on any lawful business except those desiring to incorporate the following: *  *  *

"Telephone companies,  *  *  *  the provisions of this act shall be applicable to such corporations, except insurance, railroad, bridge, tunnel companies, union depot companies, and building and loan associations, unless otherwise provided in, or inconsistent with, the act under which a particular corporation is or shall have been formed." CL 1948, § 450.3, as amended by PA 1949, No 229 (Stat Ann 1953 Cum Supp § 21.3).

The next succeeding section has to do with the contents of the articles of incorporation and provides that they shall contain in respect to the stock "a statement of all or any of the designations and the powers, preferences and rights, and the qualifications, limitations or restrictions thereof." CL 1948, § 450.4, as amended by PA 1951, No 239 (Stat Ann 1951 Cum Supp § 21.4). Section 100 of the act has to do with the contents of certificates of stock of corporations organized on a cooperative basis. It reads in part:

"There shall be printed upon each share of stock issued by cooperative corporations a condensed statement of every article or bylaw which in anywise limits the shareholders' right to assign or transfer such shares or to vote the total number of shares held at meetings of the corporation, or which forbids voting by proxy.

"The provisions of the uniform stock transfer law of this State shall not be held to apply to the shares of stock of such cooperative corporations in any manner or to any extent inconsistent with the provisions of sections 98 to 116, both inclusive, of this act." CL 1948, § 450.100 (Stat Ann § 21.101).

The Michigan general corporation act, in section 17, states:

"The shares of the capital stock of a corporation formed or existing under this act may be divided into classes with such rights, voting power, preferences and restrictions as may be provided for in the articles." CL 1948, § 450.17 (Stat Ann § 21.17).

The uniform stock transfer act (PA 1913, No 106) provides in section 15 thereof:

"There shall be no lien in favor of such corporation upon the shares represented by a certificate issued by such corporation and there shall be no restriction upon the transfer of shares so represented by virtue of any bylaw of such corporation, or otherwise, unless the right of the corporation to such lien or the restriction is stated upon the certificate." CL 1948, § 441.15 (Stat Ann § 19.345).

In *Weber* v. *Lane,* 315 Mich 678, 688, we said, by way of dictum (p 688):

"Furthermore, we do not find in this record any indication that any restriction in the bylaw against sale of stock was also stated upon the certificates of stock as required by CL 1929, § 9534 (Stat Ann § 19.345)."

See CL 1948, § 441.15 (Stat Ann § 19.345).

The circuit judge, in arriving at his decision on the motion, examined the transaction from an equitable point of view and applied the fundamental rule that:

"Unless a bylaw is unreasonable, against public policy, or violative of some provision of law, courts may not declare it invalid or void; nor may a court substitute its judgment to interfere with the internal workings of a corporation. In the light of the surrounding facts and circumstances, is there anything unreasonable, against public policy, or violative of

any specific law, by the provisions of section 8 of the 'constitution' of this corporation, which limits the right of any shareholder to hold or own no more than 5 shares of stock? This court can perceive of none; nor has counsel cited any specific authority which holds to the contrary."

It must be admitted that the equities of the case are strongly in favor of defendant. However, we are unable to close our eyes to another fundamental rule of equity, *i.e.*, that equity follows the law. In the instant case those who organized the defendant corporation could have specifially stated the limitations, they now seek to enforce, in their articles of association which, when filed, would have been notice to the world of such restriction. At the same time they could have written limitations in the body of their stock certificate which again would have provided ample notice to all purchasers thereof. We are not unmindful that plaintiff Sorrick already had such notice, but, nevertheless, we are of the opinion that we should not write into the law a limitation on stock transfers contrary to the well-accepted understanding of the method of creating such limitations, as is expressed by the legislature in the various provisions of the uniform stock transfer act and the Michigan general corporation act, as hereinbefore quoted.

In addition to our dictum in *Weber* v. *Lane, supra,* we said in *Wagner Electric Corp.* v. *Hydraulic Brake Co.,* 269 Mich 560, 565:

"Ordinarily, no one is concerned with the motives of one who becomes the purchaser of corporate stock. It was lawful for the Wagner Electric Corporation to become a holder of the 50 shares of stock in the Hydraulic Brake Company, which it purchased and acquired. Anyone who keeps within the limits of lawful action is entitled to the protection of the law, whatever may have been his motive. The Wagner

Electric Corporation is entitled to its legal rights as a minority stockholder of the Hydraulic Brake Company, even though it purchased the stock for the specific purpose of interfering with the affairs of the Hydraulic Brake Company as it desired. Presumably, the rules of law will give adequate redress for any injury suffered, and when one avers that under the circumstances of the particular case equity should hear his complaint, it becomes important to inquire how plaintiff came to be placed in the position where he seeks the interposition of a court of equity."

There, relief was denied in equity and plaintiff was left to his remedy at law. Here, however, it appears that plaintiff first began an action at law on March 23, 1953, by instituting a mandamus proceeding. This action was dismissed by the same court on April 8, 1953, after defendant had argued that mandamus was not the proper remedy, in that equity had exclusive jurisdiction to compel the transfer of shares of stock on the books of the corporation. Plaintiff, presumably, interpreted the trial judge's decision as, at least, tacit approval that equity had sole jurisdiction and as advice to him to commence an action on the equity side of the court, which he did.

In view of the circumstances of the case, we are unwilling to approve the denial of plaintiff's attempt to secure a right which, generally, is available to stockholders. If, as is intimated in this record, plaintiff has brought his action for the sole purpose of instituting a suit to interfere with or to control the internal policy of the corporation, the answer is that the law provides control and supervision over the affairs of a corporation of this nature that is designed to protect the interest of its stockholders and the public which it serves.

We are mindful, as indicated in the authorities annotated in 29 ALR2d 901, that there are divergent lines of authorities on the subject. We are impressed, however, with the reasoning of the supreme court of Minnesota, in *Costello* v. *Farrell,* 234 Minn 453 (48 NW2d 557, 29 ALR2d 890), where that court held:

"Where a bylaw of a corporation contained a restriction on the sale or transfer of its shares of stock, and where a certificate of stock was purchased which did not have the restriction stated upon it, in violation of M.S.A. [Minn Stat Ann] § 302.16, which provides that 'there shall be no restriction upon the transfer of shares so represented [by a certificate issued by such corporation] by virtue of any bylaws of such corporation, or otherwise, unless * * * the restriction is stated upon the certificate,' *held,* under the facts of this case, that the question whether the purchaser was a purchaser for value in good faith without notice of the restriction was immaterial." (Syllabus by the court.)

See, also, authorities annotated in 65 ALR 1159, as supplemented by 138 ALR 647, on validity of restrictions on alienation or transfer of corporate stock.

We are constrained to vacate the decree and allow one to be entered here directing the transfer of the single share of stock on the books of the corporation. In so doing, we express no view as to voting rights, that question not having been presented.

The decree of the trial court is vacated and one may be entered here in accordance with this opinion, with costs to appellant.

BUTZEL, C. J., and CARR, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.