# Gardner Hopwood v. Topsham Telephone Co., Ltd. Et Als

[132 A2d 170]

February Term, 1957.

Opinion Filed May 7, 1957.

*Abare & Sargent* for the defendant.

*Arthur L. Graves* for the plaintiff.

**Hulburd, J.** In October 1954, the plaintiff acquired two shares of stock in the defendant telephone company. By his suit in equity, he seeks to compel the defendant company and its officers to transfer title to him to the two shares and to issue a new certificate of stock in his name. It is the defendants' contention that the plaintiff is not entitled to the relief he seeks by reason of a restriction in the defendant corporation's by-laws. This restriction came about as a result of the action taken by the stockholders at a special meeting held August 31, 1954. At that time the by-laws were amended so as to include the following provision relative to the capital stock of Topsham Telephone Company, Ltd.:

## RESTRICTION ON COMMON STOCK

"5. No stockholder shall have the right or power to pledge, sell or otherwise dispose of, except by will, any share or shares of the capital stock of the company

without first offering said share or shares of stock for sale to the board of directors of the company, to be purchased by said board of directors for the company, or by any director or directors for himself or themselves, at the actual price per share at which it is proposed to sell said share or shares of stock, or at par in case it is proposed to pledge or otherwise dispose of the same, except by Will. Such offer shall be made in writing, signed by such stockholder and sent by registered mail to the company's home office with return receipt request and such offer shall remain good for acceptance by the company for a period of thirty days from the date of receiving of such notice.

"6. These provisions shall be binding also upon any executors, administrators or other legal representative of every stockholder in case of a sale or pledge of any share or shares of stock by such executors, administrators or other legal representative of any stockholders, and the provisions contained in this by-law shall be embodied in, written, printed or stamped upon each certificate of stock already issued or which hereafter may be issued and thereupon shall be part thereof, binding upon each and every present or future owner or holder thereof, whether such stock be aquired by Will or otherwise."

The restrictions as to the transfer of stock so adopted were never embodied in, written, printed or stamped upon the stock certificates which are the subject matter of this suit. The plaintiff, however, at the time he purchased such shares knew that a by-law had been adopted which in some way restricted the sale of the stock of the corporation and he had seen a notice of the proposed by-law which the corporation had put out before the stockholders' meeting, pursuant to which the by-law itself had been adopted with some slight modification. The shares of stock were never offered to the defendant company, nor to its officers, by the plaintiff, nor by his transferrors. By reason of this fact, the defendants refused to effectuate a transfer of the stock to the plaintiff

and to issue to the plaintiff new certificates of stock in the defendant company in the name of the plaintiff. None of the foregoing facts found by the chancellor has been attacked by the defendants here and they have briefed but one exception to his findings and that is to finding No. 24 in which the chancellor found as follows:

"24. Said shares of stock of the Topsham Telephone Company possess, as regards the plaintiff, a special and peculiar value and said shares of stock have a real and prospective value, dependent upon the future development and management of the said Topsham Telephone Company, Ltd." The defendants claim that this finding is unsupported by the evidence. With this we do not agree. There was testimony that the plaintiff's past activities had been such that he desired to own stock in the Topsham Telephone Company. He had had experience in the rehabilitation of small independent telephone companies. This experience extended to both the matter of financing such companies and their engineering problems. In short, to put the matter colloquially, he believed that the defendant company presented him with an opportunity which was "right up his alley" and that as a stockholder he might be able to give assistance to the company which would cause its stock to increase in value, and that it had real potentialities for one of his experience and capabilities. We think this evidence sufficiently supported the finding. We might add, however, that in view of our disposition of the case later in the opinion, the finding was by no means indispensable to conferring jurisdiction upon a court of equity.

On the facts as outlined, the court below decreed in favor of the plaintiff and directed the issuance of a new certificate of stock for the two shares in the name of plaintiff. It is to this decree that the defendants, by their exception, raise their main objection. They say, in effect, that one in the plaintiff's position has no standing to come into equity and ask for relief; that, in the circumstances, he can not be said to come with clean hands.

We will assume in this opinion that the plaintiff is chargeable with knowledge of the by-laws as adopted. Considering

the case in that light we must first take into consideration V. S. 47, §5880. This section, which is a part of the Uniform Stock Transfer Act, provides as follows:

"5880. Lien by corporation. There shall be no lien in favor of a corporation upon the shares represented by a certificate issued by such corporation and there shall be no restriction upon the transfer of shares so represented by virtue of any by-laws of such corporation, or otherwise, unless the right of the corporation to such lien or the restriction is stated upon the certificate."

The requirement of the statute, that the stock certificate itself state any "restriction upon the transfer of shares so represented by virtue of any by-laws of such corporation", was not observed by the defendant company. The stock certificates went unchanged by the corporation and contained only the general language that they were "subject to the provisions of its By-laws — and Articles of Association." This they had stated since 1919. Nothing was added to set forth the new restriction.

The defendants, however, take the position that the statute is of no avail to the plaintiff despite its requirement that any restriction on transfer be stated on the certificates.

This is because, they say, the plaintiff had notice and knowledge of the restriction. This raises the question: can notice take the place of compliance with the statute? There are authorities which say that the answer to this question is "No". Notable among these is *Costello* v. *Farrell* (1951) 234 Minn 453, 48 NW2d 557, 29 ALR2d 890. In considering this problem the court said:

"If the authors of the uniform act and the legislature had intended that the benefit of the provision that there should be no restriction upon the transfer of shares represented by a stock certificate by virtue of any by-laws of the corporation, unless the restriction were stated upon the certificate, should be limited to a purchaser for value in good faith without notice of the restrictive by-law, they undoubtedly would have said so. They simply said that there should be no restriction unless the restriction was stated upon the certificate. The commissioners' note appended to §15, MSA §302.16 of the

Uniform Stock Transfer Act, 6 Uniform Laws, Annotated, §15, declared their purpose to be 'to make certificates of stock so far as possible the sole representatives of the shares which they represent'. When they provided that there should be no restriction upon the transfer of shares represented by a certificate by virtue of any by-laws of such corporation unless the restriction be stated upon the certificate, they furthered their expressed purpose."

To the same effect in *Hoosier Chemical Works, Inc.* v. *Brown*, 200 Ind 535, 165 NE 323. So also it has been held that where a by-law limiting stock holding to five shares was not printed on shares, purchaser acquiring more than five was entitled to have them transferred on corporation's books even though he was corporation officer and knew of restriction. *Sorrick* v. *Consolidated Tel. Co.*, 340 Mich 463, 65 NW2d 713. See annotation in 29 ALR2d 890, *supra*, for further discussion and cases.

The defendants have particularly called to our attention the case of *Chaffee* v. *Farmers Coop. Elevator Co.*, (1918) 39 ND 585, 168 NW 616. In that case the court gave effect to a by-law which provided that stock would not be transferred on the books of the Company unless it had been first offered to the corporation at par. There are several reasons why this is not an authority for the defendants' position here. We mention two: In the first place, the defendant, the Farmers Coop. Elevator Co., was not organized under the general corporation laws but under an act for cooperatives which expressly authorized the defendant "to limit the right of stockholders to transfer stock." More important than that, however, is the fact that the case makes no reference to section 15 of the Uniform Stock Transfer Act (which is our V. S. 47, §5880) nor to any similar statute. Hence the requirement that the restriction be stated upon the certificate did not enter into the decision and so the case falls short of passing on the real question we have before us. The Uniform Stock Transfer Act was first enacted in Massachusetts in 1910. It has gradually been adopted in all forty-eight states. North Dakota did not do so until 1943. Cases arising before the date of adoption

of the Act are obviously of little help unless it appears that there was in effect a statute similar to section 15.

We find but two cases which have some tendency to support the defendants' position. They are *Bawmohl* v. *Goldstein* (1924) 95 NJ Eq 597, 124 A 118 and *Doss* v. *Yingling* (1930) 95 Ind App 494, 172 NE 801. Both of these cases upheld the by-law despite the fact that the restriction had not been printed on the stock certificate. In each the transfer was sought by an officer of the corporation who not only had knowledge of the restriction but also stood in a fiduciary relationship to the other stockholders. They are distinguishable for that reason and are not persuasive in the circumstances of this case.

There is a further reason in the instant case why the claimed restrictions are of no force and effect. It is to be found in the by-law itself. We call attention to the following language quoted from it:—"The provisions contained in this by-law shall be embodied in, written, printed or stamped upon each certificate of stock already issued or which hereafter may be issued and *thereupon* shall be part thereof, binding upon each and every present or future owner or holder thereof." By its own terms, the by-law itself not only required that the restrictions be stated on the stock certificate, but it made it equally clear by the word "thereupon" that it was only after a stock certificate had been made to show such restrictions that they became binding on the holder thereof. Thus, a person in the plaintiff's position, with knowledge of the adoption of the by-law, might assume not unreasonably from the absence of the restriction on the certificate that no binding restrictions had as yet become perfected or put into operation. If notice were important, here was notice that the corporation had not done what the by-law itself specified was necessary to put it into effect.

Thus, from reasons stemming both from the statute V. S. 47 §5880, and from the by-law itself, we are convinced that, since the restrictions in question were not printed on the certificates acquired by the plaintiff, they were of no force and effect as to such certificates.

The plaintiff makes the further contention that the restrictions are illegal since they provided that the directors personally, as well as the corporation, were to be given an opportunity to buy all stock offered for sale. We make no determination on this point here since failure to comply with V. S. 47, §5880 rendered all restrictions inoperative whether valid or invalid.

The defendants' exception to the decree is not sustained. The plaintiff properly proceeded in equity. *Wentworth* v. *Russell State Bank*, 167 Kan 246, 205 P2d 972, 22 ALR2d 1, 12; 18 CJS 1057-1060; and was entitled to the relief prayed for.

*Decree affirmed.*