STRAITS TRANSIT, INC., *v.* UNION TERMINAL PIERS.

1. MONOPOLIES—PLEADING—ACTION.

A cause of action under the State antimonopoly statute is sufficiently set forth in well-pleaded allegations that a combination is made and entered into either for the purpose of establishing and maintaining a monopoly or that a combination is made and entered into for the purpose and with the intent of attempting to establish and maintain a monopoly (CL 1948, § 445.762).

2. SAME—PLEADING—ELIMINATION OF COMPETITOR FERRY SERVICE.

Bill of complaint which alleged there were 2 companies engaged in the passenger ferry service between an island and the same 2 points on the mainland and that one seeks to create a monopoly by eliminating the other from competition and establishing a monopoly, including an averment of offer by 1 of the defendants to purchase the entire assets of plaintiff corporation, *held,* to have adequately stated a cause of action under the State antimonopoly statute (CL 1948, § 445.762).

3. PLEADING—MOTION TO DISMISS—ALLEGATIONS ASSUMED TRUE.

All well-pleaded allegations in a pleading are assumed to be true in determining whether or not to grant a motion to dismiss.

4. MONOPOLIES—PURPOSE AND INTENT OF COMBINATION—TENDENCY TO CREATE A MONOPOLY.

The gravamen of bill of complaint that had been filed under the State antimonopoly statute is the purpose together with the intent of the combination and not whether in fact a tendency to create a monopoly was alleged (CL 1948, § 445.762).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 36 Am Jur, Monopolies, Combinations, and Restraints of Trade § 211.
[3] 41 Am Jur, Pleading § 332.
[4] 36 Am Jur, Monopolies, Combinations, and Restraints of Trade § 9.
[5, 6] 13 Am Jur, Corporations §§ 333–336.
Validity of restrictions on alienation or transfer of corporate stock. 65 ALR 1159, 61 ALR2d 1318.
Construction and effect of section 15 of uniform stock transfer act prohibiting restriction on transfer of shares unless such restriction is stated on the certificate. 29 ALR2d 901.

5. CORPORATIONS—TRANSFER OF STOCK—RESTRICTIONS—STATEMENT ON CERTIFICATE.

A restriction upon the transfer of stock of a corporation imposed by a bylaw of the corporation or in an agreement among the shareholders but not stated upon the certificate is unenforceable against the purchaser of the stock even though he has knowledge of the restriction (CL 1948, § 441.15).

6. SAME—TRANSFER OF STOCK—RESTRICTIONS—STATUTES.

Case involving restrictions upon transfer of corporate stock, affected by statutory regulation, is determined in accordance with the statute presently effective rather than in accord with statute already enacted but effective at a time later than decision is rendered (CL 1948, § 441.15; PA 1962, No 174, § 8204).

Appeal from Mackinac; Baldwin (George S.), J., presiding. Submitted June 6, 1962. (Calendar No. 11, Docket No. 49,431.) Decided May 9, 1963.

Bill and amended bill by Straits Transit, Incorporated, a Michigan corporation, and certain of its shareholders, against Union Terminal Piers, Arnold Transit Lines, both Michigan corporations, Hugh Rudolph, various other officers and shareholders of defendant corporations, and against Jack Wood and Frank Proctor, shareholders in plaintiff corporation, to enjoin transfer of stock in plaintiff corporation, to rescind transfer thereof by defendants Wood and Proctor, to enforce agreement to sell corporate stock to plaintiffs, and for damages. Amended bill dismissed on motion. Plaintiffs appeal. Reversed and remanded for further proceedings.

*Hathaway, Hathaway, Rogan & Hathaway* (*James A. Hathaway,* of counsel), for plaintiffs.

*Brown & Brown* (*John S. Clark,* of counsel), for defendants.

*Prentiss M. Brown, Jr.,* for defendants and *in propria persona.*

Smith, J.

### Parties to the Action

On defendants' motion to dismiss for failure to state a cause of action, plaintiffs' amended bill of complaint was dismissed by the lower court before trial. Plaintiffs are as follows: Straits Transit is engaged in ferryboat service across the Straits of Mackinac between Mackinaw City and St. Ignace and Mackinac Island; the other plaintiffs are shareholders in Straits Transit. Defendants are as follows: Arnold Transit is engaged in ferryboat service across the Straits of Mackinac, between Mackinaw City and St. Ignace and Mackinac Island; Union Terminal Piers owns the real property upon which Arnold Transit operates; defendants Jack Wood and Patricia Wood, his wife, and Frank Proctor and Eleanor Proctor, his wife, are shareholders in plaintiff corporation, Straits Transit. The other defendants are officers and/or shareholders in Arnold Transit and Union Terminal Piers.

### Pleadings

Plaintiffs' amended bill of complaint was filed February 27, 1961. It alleges, among other things, that defendants Jack and Patricia Wood and Frank and Eleanor Proctor, as shareholders, were parties to an agreement dated February 7, 1959, restricting transfer of stock. The shareholders' agreement apparently is set forth in full in the body of the bill of complaint. The agreement provides that no shareholder can sell or dispose of stock in any manner without the prior written consent of all of the other shareholders, or, in the absence of such written consent, without first giving the shareholders at least 90 days written notice by registered mail of the intention to dispose of shares. Such notice constitutes an option available to any shareholder to purchase

such shares, and the option must be exercised within the 90-day period of notice. The purchase price is stipulated to be that price obtainable on the open market, but not less than book value. One of the bylaws of plaintiff corporation also provides for an option to purchase by the shareholders in the event 1 shareholder should decide to sell or in any manner dispose of his shares. Under the bylaw, requirements as to notice and price are similar to those contained in the agreement. As a fact of some importance, it is conceded that the certificates of stock bear no indorsements of the restrictions contained in the agreement and the bylaw.

The bill of complaint contains additional allegations, in substance, as follows:

1. That defendant Rudolph on behalf of defendants Arnold Transit and Union Terminal Piers made an offer in September, 1960, to purchase shares of defendants Wood and Proctor in plaintiff Straits Transit.

2. That of the authorized capital stock of 300,000 shares, 34,000 shares are issued and outstanding; of this amount, defendants Proctor own 4,000 shares and defendants Wood own 2,000 shares.

3. Plaintiffs, within the time specified in the agreement, offered to purchase shares of the Woods and Proctors and did make a tender of the fair market value of said shares in the amount of $8,600. Said defendants refused the offer and returned the tender.

4. That in contravention of the shareholders' agreement and the bylaw, defendants Wood and Proctor transferred and delivered to the other defendants all of their shares in plaintiff corporation.

5. Plaintiff Straits Transit and defendant Arnold Transit are the only regularly scheduled passenger ferry service companies operating between the points mentioned above and that they are "in direct and free competition one with the other."

6. That defendants have combined, conspired and agreed among themselves to purchase the stock "for

the purpose of obtaining control of plaintiff corporation, in order to create and carry out restrictions and prevent and eliminate competition from the business of passenger ferry service to and from Mackinac Island."

7. The offer to purchase is part of a scheme to prevent and eliminate competition in the ferry service to and from Mackinac Island.

8. That the offer to purchase is also part of a "plan, scheme and conspiracy" to harass plaintiff corporation in the carrying on of the business of passenger ferry service.

9. It is alleged that the facts above recited appear in part in a letter expressly incorporated by reference into the bill of complaint. The letter from defendant Rudolph to defendant Frank Proctor begins as follows: "I have been authorized to make you an offer in writing which offer will be to every other shareholder of the Straits Transit Company who desires to accept the following proposition." The letter offers to buy 2,000 Proctor shares for $4,300. It also refers to an "offer heretofore made" to purchase the entire assets of Straits Transit for the sum of $279,400. The letter further provides that 1 of the considerations for the offer was that Proctor was to agree to institute any legal action et cetera, with expenses of same to be borne by defendant Rudolph.

10. It is further alleged "That said combination, conspiracy and agreement of the defendants aforesaid was made and entered into for the purpose and with the intent of establishing and maintaining a monopoly in the business of passenger ferry service to and from Mackinac Island", and that as such is void under CL 1948, § 445.762 (Stat Ann § 28.62).

Defendants filed a motion to dismiss the amended bill of complaint on March 15, 1961. It was claimed that the amended bill did not state a cause of action; that the sale and purchase of the stock was in no way prohibited by law; that the purchase of said stock

would not give defendants control over Straits Transit; that the purchase of 1 competing company by another competing company, even if accomplished, would not establish a monopoly nor violate the statute.

### Decision of the Trial Court

The trial court entered an order dismissing the amended bill of complaint. In a separate opinion, reasons for the dismissal were outlined. The trial court found that 3 questions were presented on the motion to dismiss: "1. Was there in fact a tendency to create a monopoly by this transfer? 2. Would such monopoly be contrary to law? 3. Would the restrictive agreement and restrictive bylaw invalidate the sales from Woods and Proctors to Rudolph?"

As to the first question, the trial court found that the situation alleged "does not in any sense show a monopoly or restraint of trade as a matter of fact." The opinion states that although there are 2 competing lines of service to Mackinac Island, it does not appear factually from the allegations that other competing lines are prevented from being established by the activities of defendants. The trial court held that the effect of buying a 1/9 interest could not as a matter of fact restrain trade or establish a monopoly.

The trial court held further that even if the activities of defendants incidentally established a monopoly, such would not constitute an illegal restraint of trade because no illegal means were employed. As to the third question, the trial court, in reliance upon *Sorrick* v. *Consolidated Telephone Company of Springport,* 340 Mich 463, held that the restrictions on the disposal of stock were not enforceable against defendants because the restrictions were not indorsed upon the stock certificates. The trial court concluded that no cause of action was

alleged either under the antimonopoly statute or under the shareholders agreement.

## Statement of Questions

Plaintiffs make the following contentions on appeal: 1. Even though restrictions are not indorsed upon stock certificates, that where a transferee has actual notice of the restrictions the transfer is subject to rescission. 2. Plaintiffs contend that where the purpose and intent of a scheme is to obtain control in order to institute restrictions and eliminate competition, that the purchase of shares pursuant to this purpose is void under CL 1948, § 445.762 (Stat Ann § 28.62). 3. Plaintiffs contend also that the trial court erred by failing to decide on motion to dismiss that the purchase of shares of stock, as alleged, did constitute an attempt to establish a monopoly. 4. Plaintiffs also complain that the trial court erred in finding that the amended bill of complaint fails to state a cause of action. 5. They also claim that under the agreement and bylaw, giving them first option to purchase the shares of a retiring shareholder, they are entitled to specific performance.

On the other hand, defendants claim that the sale of stock was valid; that the ownership of 1/9 of the shares does not give defendants control of plaintiff corporation, and that even if it did result in a monopoly, such monopoly would not be barred by law.

## Decision

We are unable to agree with the learned trial judge that plaintiffs' amended bill of complaint failed to state a cause of action. The amended bill is based, among other things, upon section 2 of PA 1905, No 329 (CL 1948, § 445.762 [Stat Ann § 28.62]):

"Sec. 2. All combinations of persons, copartnerships, or corporations made and entered into for the *purpose and with the intent* of establishing and maintaining *or of attempting to establish and maintain a monopoly* of any trade, pursuit, advocation, profession or business, are hereby declared to be against public policy and illegal and void." (Emphasis supplied.)

Under this section it is sufficient to set forth in well-pleaded allegations that a combination is made and entered into either for the purpose and with the intent of establishing and maintaining a monopoly or that a combination is made and entered into for the purpose and with the intent of attempting to establish and maintain a monopoly in order properly to state a cause of action. Obviously, it is not required to allege that an actual monopoly will result from the combination. In effect, plaintiffs allege that there are 2 companies engaged in passenger ferry service, and that one seeks to create a monopoly by eliminating the other from competition. It is alleged that a combination was entered into between defendants Proctor and Wood on the one hand and the remaining defendants on the other, the purpose and intent of which is to establish a monopoly. Further, plaintiffs show in the amended bill the alleged letter offer of defendant Rudolph to defendant Proctor for the purchase of his shares, which letter also contains reference to an alleged offer to purchase the entire assets of Straits Transit. Assuming all well-pleaded allegations to be true, we think the amended bill of complaint adequately states a cause of action under the statute. As to whether there exists a combination, and if so, whether its purpose and intent are forbidden by the statute are among the several questions of fact to be determined on trial. See *Peoples Savings Bank* v. *Stoddard*, 351 Mich 342, 357.

We cannot agree with the trial court that the question of whether in fact a tendency to create a monopoly was alleged is a proper issue. The statute suggests no such issue, nor do we find any in the sparse case law construing it. We are also constrained to disagree with the trial court in its holding that if activities of defendants incidentally established a monopoly as a matter of fact "this would not be an illegal restraint of trade because no illegal means are employed by reason of contractual restraint or any other illegal devices." We are aware that some such test has been used in certain actions arising under Federal law. However, the gravamen of the complaint based on the Michigan statute, quoted above, is the purpose together with the intent of the combination.

The trial court summarized its opinion as follows: "the plaintiffs have not stated a cause of action, either under the restraint of trade statute or under the restrictive agreements." We have already ruled that a cause of action was stated under the monopoly section of the so-called restraint of trade statute. The next question is whether plaintiffs are entitled to equitable relief with respect to the option provision of the shareholders agreement and the bylaw. It is conceded that defendants had knowledge of the restriction and it is also clear that the restriction was not indorsed upon the stock certificates of plaintiff corporation. The trial judge found the restrictions unenforceable, based upon the *Sorrick Case* cited above, and also upon the case of *Costello* v. *Farrell,* 234 Minn 453 (48 NW2d 557, 29 ALR2d 890). In the *Sorrick Case,* plaintiff who was a corporate officer with knowledge of the restrictions purchased a number of shares in excess of the permissible amount. Plaintiff instituted suit to require the corporation to transfer the stock on its books. We held with plaintiff and required the transfer to

be made in spite of the fact plaintiff had personal knowledge of the restrictions. We said in *Sorrick* at page 469:

"In the instant case those who organized the defendant corporation could have specifically stated the limitations, they now seek to enforce, in their articles of association which, when filed, would have been notice to the world of such restriction. At the same time they could have written limitations in the body of their stock certificate which again would have provided ample notice to all purchasers thereof. We are not unmindful that plaintiff Sorrick already had such notice, but, nevertheless, we are of the opinion that we should not write into the law a limitation on stock transfers contrary to the well-accepted understanding of the method of creating such limitations, as is expressed by the legislature in the various provisions of the uniform stock transfer act and the Michigan general corporation act, as hereinbefore quoted."

The appropriate section of the uniform stock transfer act reads as follows:

"There shall be no lien in favor of such corporation upon the shares represented by a certificate issued by such corporation and *there shall be no restriction upon the transfer of shares so represented by virtue of any bylaw of such corporation, or otherwise* (emphasis supplied), unless the right of the corporation to such lien or the restriction is stated upon the certificate." CL 1948, § 441.15 (Stat Ann § 19-.345).

Under the statute, and the recent (1954) *Sorrick Case,* interpreting it, the trial court was correct in holding that plaintiffs did not allege an enforceable case insofar as it was based upon the restrictive agreement of the shareholders. See, also, *Weber* v. *Lane,* 315 Mich 678, and 29 ALR2d 901. We are aware that under the uniform commercial code to

become effective in this State January 1, 1964, a change appears in the offing. P.A. 1962, No 174, § 8204 (CL 1948, § 440.8204 [Stat Ann Uniform Commercial Code Supp § 19.8204]). However much we may be impressed with the change to be made in this rule by uniform statute, we are called upon now only to state the law applicable to the instant case.

The order dismissing plaintiff's bill of complaint is set aside and the cause is remanded for further proceedings consistent with this opinion. Costs to plaintiffs.

CARR, C. J., and KELLY, BLACK, KAVANAGH, and SOURIS, JJ., concurred with SMITH, J.

DETHMERS, J., concurred in the result.

O'HARA, J., took no part in the decision of this case.