GOODAR INVESTMENT COMPANY *v.* DETROIT
BANK AND TRUST COMPANY.

1. CORPORATIONS—RESTRICTION ON TRANSFER OF STOCK—STATEMENT
ON CERTIFICATE.
    A restriction on transfer of shares of stock in a corporation
    had to be stated on the certificate to be effective under the
    uniform stock transfer act (CL 1948, § 441.5).

2. SAME—STATUTES—UNIFORM STOCK TRANSFER ACT—RESTRICTIONS
ON TRANSFER—KNOWLEDGE.
    A restriction on transfer of shares of stock in a corporation
    imposed by a bylaw of such corporation or otherwise is not
    enforceable unless the restriction is stated on the certificate,
    under the uniform stock transfer act, even though holders of
    certificates had knowledge of restrictions (CL 1948, § 441.15).

3. SAME—STATUTES—RIGHTS ARISING UNDER—TIME OF DETERMINA-
TION.
    Rights of plaintiff to purchase stock accrued under, and were
    governed by, uniform stock transfer act when stock purchase
    agreement was entered into, and condition precedent to right
    to purchase stock occurred, during time uniform stock transfer
    act was in effect, even though no transfer of stock took place
    before repeal of that act (CL 1948, § 441.15).

4. STATUTES—UNIFORM COMMERCIAL CODE—REPEAL—SAVING CLAUSE.
    The uniform commercial code, as adopted in Michigan, provides
    that rights accrued before the effective date of the code remain
    in force as if the laws under which these rights were created
    had not been repealed (PA 1962, No 174, § 9993).

REFERENCES FOR POINTS IN HEADNOTES
[1]  18 Am Jur 2d, Corporations §§ 381, 386.
[2]  18 Am Jur 2d, Corporations §§ 378, 381, 383, 386.
[3]  18 Am Jur 2d, Corporations §§ 376, 378.
    50 Am Jur, Statutes § 527.
[4]  15 Am Jur 2d, Commercial Code § 6.

Appeal from Macomb; Carroll (Howard R.), J. Submitted Division 2 May 12, 1966, at Lansing. (Docket No. 1,017.) Decided September 13, 1966. Rehearing denied October 26, 1966.

Complaint by Goodar Investment Company against Detroit Bank & Trust Company, a banking corporation, and Dora Priehs, coexecutors of the estate of Frank W. Priehs, and against Dora Priehs individually, to compel specific performance of contract to sell stock. Carl Hannebauer intervened as defendant and filed cross-complaint and counterclaim against other parties. Summary judgment dismissing cross-complaint and counterclaim. Intervenor appeals. Affirmed.

*Matthews, Nank & Spier,* for plaintiff.

*Mihelich, Elmer, Dank & Kendall (Thomas M. McMahon,* of counsel), for intervenor.

McGREGOR, P. J.   This controversy concerns the disposition of certain shares of capital stock in Rammler Golf Corporation, a closely-held Michigan corporation which was chartered in 1930. None of the original incorporators, officers, directors, or shareholders remain connected with the corporation in any capacity. By 1952, the entire capital stock of the corporation had been acquired by three parties: Carl Hannebauer, who held 50% of the outstanding shares, and Frank W. Priehs and the Goodar Investment Company, a Michigan corporation, each of whom owned 25%. Hannebauer, Priehs, and Francis C. Goodar, the principal stockholder of the Goodar Investment Company, were all officers and directors of the Rammler Golf Corporation.

On December 1, 1960, Frank W. Priehs and Dora Priehs, his wife, entered into an agreement with the

Goodar Investment Company. By the terms of this agreement Goodar Investment Company promised to sell all of its shares in Rammler to Frank W. Priehs for the sum of $100,000 in the event that Francis C. Goodar should predecease Priehs, and the Goodar Investment Company was given the right to purchase Priehs' shares for $100,000 in the event that Frank W. Priehs should predecease Francis C. Goodar. It was also provided that in either case the purchase price was to be paid in installments, with the first payment due within one year of the death of the predeceasing party.

Frank W. Priehs died August 26, 1963. Goodar Investment Company, by letter of November 21, 1963, notified the Detroit Bank & Trust Company and Dora Priehs, the coexecutors of the estate of Frank W. Priehs, that it intended to exercise its right to buy the Priehs' shares. By letter of June 19, 1964, the coexecutors notified the Goodar Investment Company of their intention not to honor the agreement because they did not consider it valid. Thereupon, the Goodar Investment Company brought the original action herein against the estate of Frank W. Priehs to compel the defendant coexecutors to sell the Rammler shares in their hands, pursuant to the agreement of December 1, 1960. Carl Hannebauer intervened as a party-defendant and filed a counterclaim demanding the enjoining of said sale of stock on the grounds that the agreement between the Goodar Investment Company and Mr. and Mrs. Priehs was invalid for violation of a restriction on transfer of the shares of stock of the Rammler Golf Corporation imposed by resolution of its board of directors on December 15, 1930, which provided that the stockholders of the corporation were to have first choice in buying or selling any of the stock of the corporation offered for sale by any of the stockholders. Intervenor Hanne-

bauer contended that this restriction gave the remaining shareholders an option to purchase the Priehs' stock in proportion to their stock holdings.

Upon motion for summary judgment, the trial court dismissed the intervenor's counterclaim for failure to state a cause of action, for the reason that the restriction relied upon by the intervenor was void because it was not stated upon the stock certificates, as required by section 15 of Michigan's former uniform stock transfer act. CL 1948, § 441-.15 (Stat Ann 1959 Rev § 19.345). The intervenor-defendant brings this appeal from judgment dismissing his counterclaim. The rights of the original parties to this action against each other are not at issue in this decision.

The first issue is whether section 15 of the uniform stock transfer act (CL 1948, § 441.15 [Stat Ann 1959 Rev § 19.345]) applies in the instant case. The uniform stock transfer act was in effect from 1913 until repealed by PA 1962, No 174, which enacted the uniform commercial code, effective January 1, 1964. PA 1962, No 174, § 9991 (MCLA § 440-.9991, Stat Ann 1964 Rev § 19.9991). The former statutory provision in question read as follows:

"Sec. 15. There shall be no lien in favor of such corporation upon the shares represented by a certificate issued by such corporation and there shall be no restriction upon the transfer of shares so represented by virtue of any bylaw of such corporation, or otherwise, unless the right of the corporation to such lien or the restriction is stated upon the certificate." CL 1948, § 441.15 (Stat Ann § 19-.345).

The intervenor-appellant contends that this section cannot be applied to the instant case because it was repealed before any transfer was made of the shares of the late Frank W. Priehs in the Rammler Golf Corporation.

Although there had been no transfer of shares of stock prior to the date when the UCC replaced the uniform stock transfer act, whatever rights the plaintiff had to purchase the Priehs' stock accrued while section 15 of the uniform stock transfer act was in effect, because the stock purchase agreement was entered into and the condition precedent to the right of the plaintiff corporation to purchase the stock (*i. e.* the death of Frank W. Priehs) occurred before the repeal of the uniform stock transfer act. The UCC has the following provision for problems occasioned by change in the statutory law:

"Sec. 9993. Transactions validly entered into before the effective date specified in section 9991 and the rights, duties and interests flowing from them remain valid thereafter and may be terminated, completed, consummated or enforced as required or permitted by any statute or other law amended or repealed by this act as though such repeal or amendment had not occurred." PA 1962, No 174 (MCLA, § 440.9993 [Stat Ann 1964 Rev § 19.9993]).

This section requires that rights accrued before the effective date of the UCC in Michigan remain in force as though the law under which these rights were created had not been repealed. This Court, therefore, holds that the validity of the stock transfer restriction is to be determined by section 15 of the uniform stock transfer act, since that statute was in effect when the plaintiff's rights accrued.

Does section 15 invalidate the stock transfer restriction because it was not stated on the stock certificate? Appellant intervenor contends that section 15 of the uniform act was intended to protect innocent purchasers and was not applicable where the interested parties had access to the corporate books and records. Section 15 of the act voids any transfer restrictions not stated on the stock cer-

tificates whether or not the holders of said cer-
tificates were insiders who were in a position to know
of the existence of such restrictions. *Straits Trans-
it, Inc.,* v. *Union Terminal Piers* (1963), 370 Mich
274. *Sorrick* v. *Consolidated Telephone Co.* (1954),
340 Mich 463.

The judgment of the trial court is affirmed, and
costs are awarded to the appellee.

BURNS and QUINN, JJ., concurred.